

**FILED**
**AUGUST 6, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALEJANDRO ANTONIO LABISTIDA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0032 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging an October 7, 2008 prison disciplinary proceeding which took place at the Jordan Unit in Gray County, Texas. As of the date the instant habeas application was filed, petitioner was incarcerated in the Smith Unit in Dawson County.

On September 26, 2009, petitioner assaulted another inmate without a weapon resulting in injuries to the inmate. On October 2, 2008, petitioner was notified that he was being charged with two (2) offenses for the incident. In Disciplinary Case No. 20090028766, petitioner was charged with the assault of the inmate. In Disciplinary Case No. 2009003283, petitioner was charged with engaging in organized criminal activity for conspiring with other inmates to commit the assault. On October 2, 2009, after a hearing, petitioner was found guilty of the assault offense and was assessed punishment which included the forfeiture of 90 days previously

accrued good time credits.  *See* Disciplinary No. 20090028766.  Petitioner does not appear to

challenge that disciplinary proceeding in the instant federal habeas corpus proceeding.  On

October 7, 2009, after a hearing, petitioner was found guilty of the engaging in organized

criminal activity offense and was assessed punishment which included the forfeiture of 864 days

of previously earned good time credits.  *See* Disciplinary No. 20090032283.  It is this

disciplinary proceeding petitioner challenges in the instant habeas proceeding.


I.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the

disciplinary proceeding in Case No. 200900232283 in the following respects:

1.  Charging petitioner with two (2) offenses for the same incident, and punishing petitioner twice for the same incident, was a violation of the prohibition against Double Jeopardy;

2.  Petitioner was denied due process in the disciplinary proceeding because:

   a.  the charging officer did not witness the offense;

   b.  petitioner was denied the opportunity to question any witnesses or challenge evidence presented against him; and

   c.  petitioner was denied his right to appeal the disciplinary proceeding finding because, as punishment assessed against him in this case, he was denied access to his property for thirty (30) days.


II.
ELIGIBILITY FOR MANDATORY SUPERVISION

In order to challenge a prison disciplinary adjudication by way of a federal petition for a

writ of habeas corpus, a petitioner must (1) be eligible for mandatory supervised release; and (2)

have received a punishment sanction which included forfeiture of previously accrued good time

credits.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  Petitioner is in respondent's

custody pursuant to two (2) felony convictions out of the 185th Judicial District Court of Harris

County, Texas:

| | | |
|---|---|---|
| October 3, 2006 | Possession with intent to deliver a controlled substance | 5-year sentence |
| October 3, 2006 | Assault | 5-year sentence |

Such offenses are eligible for release to mandatory supervision.  However, at the time petitioner

committed the above offenses on May 18, 2006, the Texas mandatory supervision law in effect

stated:

> An inmate may not be released to mandatory supervision if the inmate . . . has
> been previously convicted of . . . a second degree felony under Section 29.02,
> Penal Code [robbery].

Tex. Gov't Code § 508.149(a)(11)(2006).[1]  On December 10, 2001, petitioner was convicted of

the second degree felony offense of robbery out of the 209th Judicial District Court of Harris

County, Texas, and sentenced to two (2) years in prison.[2]  *State v. Labistida*, Cause No. 846361.

As petitioner had previously been convicted of robbery at the time he committed his holding

convictions, he may not be released to mandatory supervision.

Petitioner acknowledges in his application that he is <u>not</u> eligible for mandatory

supervised release.  Further, a February 20, 2009 Commitment Inquiry printout provided by

respondent indicates petitioner is not eligible for mandatory supervision on either holding

conviction.  Moreover, TDCJ-CID online offender information reflects petitioner is <u>not</u> eligible

---

[1]"[E]ligibility for mandatory supervision release is determined by the statute in effect at the time of [an inmate's] current offense."  *Ex parte Hall*, 995 S.W.2d 151, 152 (Tex.Crim.App. 1999).

[2]Although the judgment indicates petitioner's offense of robbery was a first degree felony, such indication had to be a clerical error based on the indictment, the other assertions in the judgment, and Texas penal law at the time of the offense.

for mandatory supervised release in that petitioner's projected release date of July 22, 2011 is the

same date as petitioner's maximum sentence date.  Therefore, while petitioner may have lost

good time in the disciplinary proceeding he challenges herein, he is <u>not</u> eligible for mandatory

supervised release and cannot be afforded federal habeas corpus relief.


III.
<u>RECOMMENDATION</u>

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the

United States District Judge that the petition for a writ of habeas corpus filed by petitioner

ALEJANDRO ANTONIO LABISTIDA be DENIED.


IV.
<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 6th day of August 2009.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).

Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14ᵗʰ) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5ᵗʰ Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5ᵗʰ Cir. 1988).